UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER SHORTER,

    Plaintiff,

v.                                                                                          4:19cv108–WS/MAF

MERRICK B. GARLAND,[1] in his official capacity
as the Attorney General of the United States
and Director of the United States Department
of Justice, IAN CONNORS, in his individual
capacity as the National Inmate Appeals
Administrator of the Federal Bureau of
Prisons, and JOHN DOE 1 AND JOHN DOE
2, in their individual capacities as Members of
the Transgender Clinical Care Team, Federal
Bureau of Prisons,

    Defendants.

_____

ORDER ADOPTING IN PART AND REJECTING IN PART
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the magistrate judge's report and recommendation (ECF No. 92) docketed on September 24, 2021. The magistrate judge recommends that

---

[1] Merrick B. Garland, United States Attorney General, is substituted for William P. Barr, former Attorney General, pursuant to Fed. R. Civ. P. R. 25(d).

(1) Plaintiff's motion (ECF No. 86) for summary judgment be denied; (2) Plaintiff's claims against the John Doe defendants be dismissed for failure to prosecute; (3) Defendants' motion (ECF No. 82) for summary judgment be granted; and (4) the case be closed. Plaintiff has filed objections (ECF No. 93) to the report and recommendation. Defendants Garland and Connors have not responded to Plaintiff's objections.

    Having reviewed the case in light of Plaintiff's objections, the undersigned has determined that the magistrate judge's report and recommendation is due to be adopted in part and rejected in part.

## I.

    Plaintiff,[2] a former inmate of the Bureau of Prisons ("BOP"), suffers from gender dysphoria. In her two-count second amended complaint, Plaintiff has sued (1) the Attorney General of the United States in his official capacity for denial of medically necessary care in violation of Section 794(a) of the Rehabilitation Act ("RA") (Count I); and (2) Ian Connors, in his individual capacity, as well as two John Doe defendants, for deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment (Count II). Plaintiff has not asserted an Eighth

---

    [2] Female pronouns will be used when referencing Plaintiff, who is now known as Chrissy Noelle Shorter and was formerly known as Christopher Lamont Shorter.

Amendment claim against the Attorney General.

The magistrate judge recommends that the John Doe defendants be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). He also recommends that Ian Connors be dismissed for lack of personal jurisdiction. In her objections to the report and recommendation, Plaintiff does not address the magistrate judge's dismissal recommendation with respect to either Ian Connors or the John Doe defendants. The undersigned has reviewed the record and finds that Ian Connors and the John Doe defendants are indeed due to be dismissed as recommended by the magistrate judge. Count II of Plaintiff's second amended complaint, which alleges an Eighth Amendment claim against only Connors and the John Doe defendants, is accordingly due to be dismissed.

As to Count I, which alleges a claim under the RA, the magistrate judge recommends that summary judgment be granted in favor of the Attorney General of the United States, who is also the Director of the Department of Justice, for failure to state a claim. Citing a provision in the RA that excludes from the term "disability" all "gender identity disorders not resulting from physical impairments," 29 U.S.C. § 705(2)(F)(i), the magistrate judge determined, in part, that "[g]ender dysphoria, as a gender identity disorder ["GID"], is specifically

exempted as a disability by the Rehabilitation Act." ECF No. 92 at p. 24.

There is significant disagreement, however, over whether gender dysphoria falls within the RA's categorical exclusion for gender identity disorders. Although neither the Supreme Court nor the federal courts of appeal have addressed whether the RA's GID exclusion applies to gender dysphoria, a growing number of district courts have determined that gender dysphoria may result from physical causes, such that it is not categorically excluded under the RA (or the Americans with Disabilities Act ("ADA"), which contains a similar exclusion). *See, e.g.*, *Blatt v. Cabela's Retail, Inc.*, No. 5:14–CV–04822, 2017 WL 2178123, at *3 (E.D. Pa. May 18, 2017) (holding that gender dysphoria resulting in substantial limits on major life activities is not excluded by the ADA); *see also* Kevin M. Barry, Jennifer L. Levi, The Future of Disability Rights Protections for Transgender People, 35 Touro L. Rev. 25, 53–65 (2019) (citing cases). In *Blatt*, the Department of Justice submitted a Statement of Interest stating:

> In light of the evolving scientific evidence suggesting that gender dysphoria may have a physical basis, along with the remedial nature of the ADA and the relevant statutory and regulatory provisions directing that the terms 'disability' and 'physical impairment' be read broadly, the GID Exclusion should be construed narrowly such that gender dysphoria falls outside its scope.

No. 5:14–CV–04822 at ECF No. 67, p. 5; *see also* 35 Touro L. Rev. 25, 48 (explaining that gender dysphoria is a GID that results from a *physical* impairment

(i.e., neurological, genetic, and/or hormonal sources) and, therefore, does not fall withing the [RA's and ADA's] exclusions").

Here, the record establishes that Plaintiff's gender dysphoria has resulted in intense emotional distress, several suicide attempts, and excessive preoccupation with genital mutilation and self-castration. Unlike the magistrate judge, the undersigned finds that the RA's exclusionary provision does not provide a basis for granting the Attorney General's motion for summary judgment.

In his motion for summary judgment, the Attorney General did not raise an issue regarding the RA's exclusionary provision. Instead, the Attorney General argued that Plaintiff failed to establish either a disability-discrimination claim or a failure-to-accommodate claim under the RA. The Attorney General also argued that Plaintiff is not entitled to compensatory damages against the federal government, and—as a former inmate—he is not entitled to injunctive or declaratory relief. The magistrate judge did not address these arguments.

Consistent with the above, it is ORDERED:

1. The magistrate judge's report and recommendation (ECF No. 92) is ADOPTED as to Defendant Connors and the John Doe Defendants. The report and recommendation is otherwise REJECTED.

2. Count II of Plaintiff's second amended complaint is DISMISSED.

3. Defendant Connors and the John Doe Defendants are DISMISSED from the case.

4. Defendants' motion for summary judgment (ECF No. 82) is GRANTED as to Defendant Connors and the John Doe Defendants but is otherwise DENIED.

5. The case shall be returned to the magistrate judge to consider (1) the Attorney General's arguments regarding Plaintiff's RA claims; and (2) what relief, if any, Plaintiff might receive *if* she prevails on her RA claims.

DONE AND ORDERED this   22nd   day of   December  , 2021.


s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE