UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER SHORTER,

    Plaintiff,

v.                                                          4:19cv108–WS/MAF

MERRICK B. GARLAND,[1] in his official capacity
as the Attorney General of the United States
and Director of the United States Department
of Justice,

    Defendant.

_____

ORDER ADOPTING, IN PART, THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION

Before the court is the magistrate judge's report and recommendation (ECF No. 95) docketed on March 4, 2022. The magistrate judge recommends that Defendants' motion for summary judgment (ECF No. 82) be granted as to the only remaining defendant, Merrick B. Garland. Plaintiff has filed objections (ECF No. 99) to the report and recommendation. Defendant Garland has not responded to

---

[1] Merrick B. Garland, United States Attorney General, is substituted for William P. Barr, former Attorney General, pursuant to Fed. R. Civ. P. R. 25(d).

Plaintiff's objections.

Having reviewed the case in light of Plaintiff's objections, the undersigned has determined that Part VI (entitled "Remedies") of the magistrate judge's report and recommendation is due to be adopted.

Plaintiff,[2] a former inmate of the Bureau of Prisons ("BOP"), suffers from gender dysphoria. In her two-count second amended complaint, Plaintiff has sued Merrick B. Garland, Attorney General of the United States and Director of the United States Department of Justice, in his official capacity for denial of medically necessary care in violation of Section 794(a) of the Rehabilitation Act ("RA") (Count I). The magistrate judge recommends that summary judgment be granted in favor of the Attorney General (1) for failure to state a claim under the RA; and (2) because Plaintiff cannot obtain the relief she seeks in this case.

Plaintiff seeks compensatory damages as well as injunctive and declaratory relief against the federal government based on the past actions of officials at the Bureau of Prisons. The magistrate maintains, and the undersigned agrees, that Plaintiff can obtain no such relief. In *Lane v. Pena*, 518 U.S. 187 (1996), the Supreme Court held that the federal government, as sovereign, cannot be held

---

[2] Female pronouns will be used when referencing Plaintiff, who is now known as Chrissy Noelle Shorter and was formerly known as Christopher Lamont Shorter.

liable for compensatory damages in a suit for violations of the RA. *Id.* at 192 ("The clarity of expression necessary to establish a waiver of the Government's sovereign immunity against monetary damages for violations of [the RA] is lacking in the text of the relevant provisions."). Thus, Plaintiff's claim for monetary damages under the RA must be rejected.

Her requests for injunctive and/or declaratory relief fare no better. Unlike claims for monetary relief, which look back at a defendant's past actions, claims for injunctive and declaratory relief are prospective in nature and are intended to prevent future injuries. *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277, 131 S. Ct. 1651 (2011). Because Plaintiff is no longer in the custody of the Bureau of Prisons, her claims for injunctive and declaratory relief are moot. *See Adler v. Duval Ctny. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) ("When the threat of future harm dissipates, the plaintiff's claims for [injunctive and declaratory] relief become moot because the plaintiff no longer needs protection from future injury."); *McKinnon v. Talladega Ctny., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984)("The general rule is that a prisoner's . . . release from a jail moots his individual claim for declaratory and injunctive relief.").

Plaintiff's request for a *retrospective* declaratory judgment—i.e., a

declaration that the Bureau of Prisons violated the RA in the past—does not save her RA claims. "In the absence of continuing conduct or an imminent threat of future harm to the parties, declaratory relief is unavailable." *Tiller v. State Farm Mut. Auto. Ins. Co.*, 549 F. App'x 849, 855 (11th Cir. 2013); *see also Spencer v. Kemna*, 523 U.S. 1, 18, (1998) (noting that courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong"); *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1348 (11th Cir. 1999) ("[A] declaration that the [challenged] statute as applied in the past to these plaintiffs is unconstitutional would [be] nothing more than a gratuitous comment without any force or effect.") (internal quotation marks omitted); *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 857, 868 (9th Cir. 2017) (noting that "[a] declaratory judgment merely adjudicating past violations of federal law—as opposed to continuing or future violations of federal law—is not an appropriate exercise of federal jurisdiction").

Because Defendant is immune from claims for compensatory damages under the RA and because her claims for declaratory and injunctive relief are moot, it is ORDERED:

1. Part VI (entitled "Remedies") of the magistrate judge's report and recommendation is ADOPTED and incorporated into this order.

2. Defendants' motion (ECF No. 82) for summary judgment is GRANTED as to the remaining defendant, Merrick B. Garland.

3. The clerk shall enter judgment stating: "All claims are dismissed."

4. The clerk shall close the case.

DONE AND ORDERED this __11th__ day of __April__, 2022.

s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE